UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20585-CIV-HUCK/O'SULLIVAN

AUTOCHINA LIMITED,

    Plaintiff,

vs.

KENNETH HUANG a/k/a HUANG
JIAN-HUA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the Defendant Kenneth Huang's Verified Motion for Attorney's Fees and Costs (DE # 141, 2/24/10). The Honorable Paul C. Huck referred this matter to the undersigned. Having carefully considered the court file and the applicable law, and having held a hearing in this matter, the undersigned recommends that the Defendant Kenneth Huang's Verified Motion for Attorney's Fees and Costs (DE # 141, 2/24/10) be GRANTED in part and DENIED in part as more fully described below.

## BACKGROUND

A jury trial was held in this matter from January 19, 2010, until January 22, 2010, before the Honorable Judge Huck. Six claims were tried in this matter. The jury rendered a verdict on January 22, 2010, in favor of the defendant on all six claims. The Court entered Final Judgment on January 25, 2010, (DE # 137). On February 24, 2010, the defendant Kenneth Huang filed the Defendant Kenneth Huang's Verified

Motion for Attorney's Fees and Costs (DE # 141).  On March 15, 2010, the plaintiff filed the Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Attorney's Fees and Costs (DE # 147) and on March 24, 2010, the defendant filed a Reply Brief in Further Support of Defendant Kenneth Huang's Verified Motion for Attorney's Fees and Costs (DE # 149).  On June 3, 2010, the undersigned held a hearing in this matter.

## DISCUSSION

The defendant seeks fees in the amount of $406,605.07 and costs in the amount of $15,235.21, pursuant to Fla. Stat. § 772.11.  The defendant argues that he is entitled to recover attorney's fees under Fla. Stat. § 772.11 because the plaintiff's claim against him for civil theft lacked both factual and legal support, and the statute expressly provides for fees.  The defendant further argues that he is entitled to all of his attorney's fees for defending against the plaintiff's undifferentiated claims because the causes of actions arose from the same set of alleged transactions.  The plaintiff argues that the plaintiff's claims were supported by substantial fact and that the plaintiff's claims of promissory estoppel, breach of fiduciary duty, unjust enrichment and breach of contract don't inevitably overlap as they require different elements of legal and factual proof.

### I. Entitlement to Fees and Costs

The defendant prevailed on the six (6) claims that were tried in this case.  The defendant asserts that he is entitled to fees in this matter under Fla. Stat. § 772.11, which relates to civil remedy for theft or exploitation.  Fla. Stat. § 772.11(1) provides in part:

> The defendant is entitled to recover reasonable attorney's
> fees and court costs in the trial and appellate courts upon a

2

>finding that the claimant raised a claim that was without substantial fact or legal support.

The defendant maintains that he is entitled to all his fees in this matter, not just those fees that relate directly to civil theft, because the plaintiff's claim for civil theft was without substantial fact or legal support, and the causes of action pursued by the plaintiff all arose from the same set of alleged transactions.

The plaintiff argues that its claims were supported by substantial facts and that the plaintiff's claims of promissory estoppel, breach of fiduciary duty, unjust enrichment and breach of contract do not inevitably overlap as they require different elements of legal and factual proof. The causes of action tried in this case were: 1. Civil theft; 2. Fraud; 3. Negligent misrepresentation; 4. Equitable estoppel; 5. Unjust enrichment; and 6. Fiduciary duty.

Florida Statute 812.014 defines civil theft:

>(1) A person is guilty of theft if he or she knowingly obtains or uses, or endeavors to obtain or use, the property of another with intent to, either temporarily or permanently:
>   a. Deprive the other person of a right to the property or a benefit from the property.
>   b. Appropriate the property to his or her own use or to the use of any person not entitled to use of the property.

Fla. Stat. §812.014 (2007).

"In Florida, the cause of action for civil theft, . . . , derives from *two* statutory sources: the criminal section setting forth the elements of theft, and the civil section granting private parties a cause of action for a violation of the criminal section." Ames v. Provident Life and Acc. Ins. Co., 942 F.Supp. 551, 560 (S.D. Fla. 1994), *aff'd*, 86 F.3d

1168 (11th Cir.1996).

      At the hearing before the undersigned, the only argument presented in support of the plaintiff's position that its claim for civil theft was supported by substantial facts, was an assertion regarding a phone call between the defendant and one of the people involved with the plaintiff.  No other support was provided and there is no concrete evidence of the phone call.  For example, at trial, the plaintiff claimed that Mr. Huang was in possession or control of the plaintiff's deposits at issue in this case.  (See Defendant's Motion for Attorneys' Fees and Costs at p. 4).  Yet, at trial the plaintiff had no bank records to establish its contention that Mr. Huang had control of the funds. (See Defendant's Motion for Attorneys' Fees and Costs at p. 5).  The plaintiff failed to establish the existence of any substantial fact or legal support for its claim for civil theft because there was no substantial factual or legal evidence supporting the claim for civil theft.  Accordingly, the undersigned finds that the defendant is entitled to fees for civil theft under Fla. Stat. § 772.11.

      At the hearing, the defendant noted that on page 2, line 9 of the plaintiff's counsel's opening statement, counsel used the words "inextricably intertwined", and that all the claims of the plaintiff relied on the same set of core facts.

      "Common law fraud and negligent misrepresentation involve more or less the same elements of proof. In Re Lichtman., 388 B.R. 396, 409 (Bkrtcy. M.D. Fla. 2008). "The elements necessary to state a cause of action for fraud in the inducement are: 1) a false statement concerning a material fact; 2) knowledge by the person making the statement that the representation is false; 3) intent by the person making the statement that the representation will induce another to act upon it, and 4) reliance on the

representation to the injury of the other party." Mettler, Inc. v. Ellen Tracy, Inc., 648 So.2d 253, 255 (Fla. 2d DCA 1994).

"In order to demonstrate equitable estoppel, the following elements must be shown: 1) a representation as to a material fact that is contrary to a later-asserted position; 2) reliance on that representation; and 3) a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon." Department of Revenue v. Anderson, 403 So.2d 397, 400 (Fla. 1981).

"Under Florida law, the elements of a cause of action for unjust enrichment are: 1.) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; 2.) the defendant voluntarily accepts and retains the benefit conferred; and 3.) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying for it." Shibata v. Lim., 133 F.Supp.2d 1311, 1316 (M.D. Fla. 2000).

"The elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages." Gracey v. Eaker., 837 So.2d 348, 353 (Fla. 2002).

All of the causes of action brought by the plaintiff arose from the same transaction, overlap, and are intertwined with the civil theft action. When facts supporting all causes of action are so intertwined that apportionment is not feasible, the court may award the prevailing party all attorney's fees. See Davis v. Locke, 936 F.2d. 1208, 1214 (11th Cir. 1991). Here the undersigned finds that the apportionment of fees to the different causes of action is not feasible. The undersigned finds that the defendant is entitled to all his reasonable fees incurred in this matter for the other

causes of action tried in this case, as the causes of actions are inextricably intertwined and the defense of the other causes of action are also defenses to the civil theft claim.

## II. Attorney's Fees

In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983); Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994); Norman v. Housing Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

### 1. Reasonable Hourly Rate

A reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). To determine the prevailing market rates the Court should consider several factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." Mallory v. Harkness, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing Dillard v. City of Elba, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)), *aff'd*, 109 F.3d 771 (11th Cir. 1997) (Table).

Here, defense counsel requests a fee award of $406,605.07 for a total of 1,189.20[1] hours of attorney time and paralegal time.[2] At the hearing on June 3, 2010,

---

[1] Employees of Duane Morris, LLP, spent 1273.80 hours on this case which would have totaled $436,279.67, but 84.6 hours were not included in the motion,

before the undersigned, the plaintiff submitted exhibits to the Court.  One of the plaintiff's exhibits, Exhibit "C", was billing invoice number 1487561 of the defendant's, with billing entries for Lida Rodriguez-Taseff for 0.50 hours dated May 20, 2009, ($212.50), for 4.20 hours dated May 26, 2009, ($1,785.00), and for 1.10 hours dated May 28, 2009, ($467.50) for a total amount of $2,465.00.  The plaintiff asserted that these hours were for time spent by Ms. Rodriguez-Taseff on the State Court action.  The defendant concedes that the  $2,465.00 in fees for Lida Rodriguez-Taseff evidenced in plaintiff's Exhibit "C" is for work performed on the state court case, and agreed at the hearing before the undersigned on June 3, 2010, to withdraw the $2,465.00 from his fee request.  Accordingly, the fee award request is reduced to 1,183.40 hours and $404,140.07 in fees.  The defendant, after the concession to the reduction of 5.80 hours for Lida Rodriguez-Taseff  requests 387.93 hours at the most recent rate of $450.00 per hour for Lida Rodriguez-Taseff[3]  (totaling $105,805.00),

---

reducing the fees request by $29,674.60, for a total request of 1,189.20 hours in the amount of $406,605.07.

[2]The motion eliminates: 1) 29.5 hours for Barry D. Lapides (all of his time spent on this matter); 2) 4.0 hours for Warren D. Zaffuto (all of his time spent on this matter); 3) 0.3 hours for John Dellaportas (all of his time spent on this matter); 4) 5.6 hours for Matthew E. Nies (all of his time spent on this matter); 5) 9.8 hours for Rebecca L. Guillo (all of her time spent on this matter); and 6) 0.9 hours for Erin Greene (all of her time spent on this matter).  The motion also eliminates a total of 34.50 hours for the default issue and the forum non conveniens issue.  The chart attached to the motion as exhibit "C" does not assign time keepers to the default issue and the forum non conveniens issue hours.

[3]The chart attached to the defendant's motion as part of Exhibit "C" lists the most recent hourly rates for defendant's time keepers.  The amount of fees requested for each time keeper, however, is a combination of the different billing rates charged by the time keepers during the course of the litigation.  Accordingly, the rates listed in the chart attached to the defendant's motion as part of Exhibit "C" multiplied by the number of

7

228.70 hours for Thomas Loder at the most recent rate of $475.00 per hour (totaling $171,447.75), 65.18 hours for Raymond Robin at the most recent rate of $390.00 per hour (totaling $23,790.70), 56.67 hours for Paul da Costa at the most recent rate of $320.00 per hour (totaling $16,856.18), 48.10 hours for Sean Burke at the most recent rate of $325.00 per hour (totaling $15,632.50), 19.49 hours for Suzan Jo at the most recent rate of $425.00 per hour (totaling $7,698.55), 308.55 hours for Gracemary Curbelo (a paralegal) at the most recent rate of $190.00 per hour (totaling $56,807.99), and 103.50 hours for Xiomara E. Quinones (a paralegal) at the most recent rate of $205.00 per hour (totaling $20,997.50).[4]  The defendant submitted an affidavit from Stephen B. Gillman and a chart of fees in support of the reasonableness of the fees sought in this matter.  Invoices were also provided to the Court at the June 3, 2010, hearing before the undersigned as defendant's Exhibit 4.  The defendant also submitted an affidavit of Lida Rodriguez-Taseff in support of the Motion.

Generally, acceptable proof of the market rate may consist of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such

---

hours spent by each time keeper results in a lower amount of fees being requested for each time keeper than the multiplication of the two listed numbers would yield.

[4] The defendant reduces his fee reimbursement request for time spent by various time keepers on tasks that related to the default issue and the forum non conveniens issue.  The chart attached to the Motion as part of Exhibit "C" on which the defendant outlines the hours by which he reduces his fee reimbursement request, does not assign these tasks to a specific time keeper.  Accordingly, in this section of this Report and Recommendation, when the undersigned describes the number of hours requested by the defendant for each time keeper, the undersigned does not deduct the hours for the default issue and forum non conveniens issue from the amount of hours requested by any of the time keepers.

work. Norman, 836 F.2d at 1299. However, the court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded. Id. at 1303.

The plaintiff contends that the hourly rates charged are too high and should be reduced to $350.00 per hour for partners, $250.00 per hour for associates, and $100.00 per hour for paralegals. The plaintiff also contends that the hourly rate increases from one year to the next are too high to be considered reasonable, and that the hourly rates should be limited to no more than $365.00 for Ms. Rodriguez Taseff and Mr. Robin under the engagement letter provided to the Court as plaintiff's exhibit "A" at the June 3, 2010, hearing before the undersigned. The engagement letter dated December 16, 2008, and signed by Ms. Rodriguez Taseff, read in part as follows: "[t]he work on the matter will be handled by me and/or Ray Robin whose billing rate is $365 per hour."

The defendant argues that the engagement letter only indicates that Mr. Robin's rate in 2008 was $365.00 per hour. Mr. Robin's rate increased in 2009, to $390.00 per hour. The defendant asserts that the letter did not refer to the rates charged by Ms. Rodriguez Taseff, because there was an umbrella agreement in May 2008, indicating a rate of $405.00 per hour for Ms. Rodriguez Taseff, and that her rate adjusts in January of every year. The defendant further asserts that the hourly rates increase each year in January. The undersigned finds that the engagement letter did not indicate that Ms. Rodriguez Taseff's rate was $365.00 per hour. The letter only set Mr. Robin's rate of $365.00 per hour in 2008.

Having considered and weighed the filings, the affidavits, the documentary evidence, counsels' reputation and experience and the Court's familiarity with litigation

and attorney's fees in general, the undersigned finds that the hourly rates requested for all of the defendant's attorneys are reasonable and appropriate for this type of case. The yearly increase in hourly rates was approximately 5% which is reasonable.

**2. Hours Reasonably Expended**

The Court must next evaluate the reasonableness of the total hours expended by defense counsel. The defendant requests reimbursement for a total of 1,183.40 hours. The defendant provided an affidavit from Stephen B. Gillman and a chart of fees in support of the reasonableness of the fees sought in this matter. Invoices were also provided to the Court at the June 3, 2010, hearing before the undersigned as defendant's Exhibit 4. The defendant also submitted an affidavit of Lida Rodriguez-Taseff in support of the Motion.

The Court must exercise independent judgment when reviewing a claim for hours reasonably expended. See Norman, 836 F.2d 1292, 1301-02 (11th Cir. 1988). An attorney seeking to recover fees must keep accurate and current records of work done and time spent on a case. See Hensley v. Eckerhart, 461 U.S. 424, 437 & n.12, 103 S. Ct. 1933, 1941 & n.12 (1983). "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney", National Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1327 (D.C. Cir. 1982), and which identify the subject matter of each time expenditure. See Hensley, 461 U.S. at 437 & n.12, 103 S. Ct. at 1941 & n.12. If there is inadequate documentation or if the Court finds a claim for hours to be "excessive or unnecessary", the Court may reduce the number of hours for

which fees will be awarded. Florida Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985); see also F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987) ("[W]here adequate contemporaneous records have not been kept, the court should not award the full amount requested.").

The plaintiff argues that Mr. Loder was billing 15- 16 hours per day during trial and this amount of hours is not reasonable. The plaintiff further argues that nine (9) attorney's[5] working on the case is not reasonable. The undersigned has reviewed the billing records submitted by the defendant, and finds that the number of hours billed by the six (6) attorneys and two (2) paralegals for whom time is requested in this matter is excessive. As noted above, if there is inadequate documentation or if the Court finds a claim for hours to be "excessive or unnecessary", the Court may reduce the number of hours for which fees will be awarded. Florida Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985); see also F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987) ("[W]here adequate contemporaneous records have not been kept, the court should not award the full amount requested.").

Mr. Loder's billing for 15-16 hours is not unreasonable. It is not out of the ordinary for attorneys to spend long hours in the morning before trial begins and in the evening after trial ends preparing witnesses and organizing evidence for presentation at trial. The undersigned's review of the billing records submitted by the defendant reveals that six (6) attorneys working on this matter resulted in an unreasonable amount of fees. The fees awarded to a prevailing party must be reasonable. Having six (6)

---

[5]Nine (9) attorney's worked on the case, but the defendant is only asking for reimbursement for work done by six (6) of those attorneys.

attorneys work on this case is unreasonable because during discovery there were only five (5) depositions taken, the case went to trial in less than one (1) year, and the trial lasted four (4) days.  Accordingly, an overall 25% reduction of the requested fee amount is warranted.

The undersigned recommends a 25% reduction of the $404,140.07, resulting in a recommended fee award of $303,105.05.

**III. Costs**

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  FED.R.CIV.PRO. 54(d)(1).  "A 'prevailing party' for purposes of Rule 54(d), is a party in whose favor judgment is rendered . . . this means the party who won at trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded."   See All West Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 153 F.R.D. 667, 668-69 (D. Kan. 1994).   The defendant prevailed in the case at bar and,  therefore, is entitled to receive all costs recoverable under 28 U.S.C. § 1920.   A court may only tax those costs which are specifically authorized by statute. See  Crawford Fitting Co.  v.  J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

A judge or clerk of any of court the United States may tax as costs the following:

   (1) Fees of the clerk and marshal;

   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

   (3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under § 1923 of this title

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.   In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs.   However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  See EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

The undersigned recommends the following costs be awarded:

1.  Fees for Service of Subpoenas

The undersigned recommends that the defendant be awarded the following costs and expenses associated with fees for service of summons and subpoenas.   The defendant seeks reimbursement in the amount of $95.00 which may be recovered under 28 U.S.C. § 1920(1). The plaintiff does not object to these costs.  These costs are a reasonable taxable cost under § 1920(1).  In accordance with the foregoing the undersigned recommends that the defendant be awarded **$95.00** for expenses associated with the service of summons and subpoenas.

2. <u>Fees Printed or Electronically Recorded Transcripts Necessarily Obtained for use in the Case</u>

The defendant requests $3,711.71 for the costs associated with printed or electronically recorded transcripts necessarily obtained for use in the case. 28 U.S.C. § 1920(2) states that a judge or clerk or any court of the United States may tax as costs "the fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The plaintiff does not object to these costs. These costs are reasonable and permitted under the statute. The undersigned recommends that the defendant be awarded the total costs associated with fees for printed or electronically recorded transcripts necessarily obtained for use in the case in the amount of ***$3,711.71.***

3. <u>Fees and Disbursements for Printing</u>

The defendant requests $2,258.25 for the costs associated with printing which may be recovered under 28 U.S.C. § 1920(3). The plaintiff does not object to these costs. These costs are for Xact Copy Service for the duplication of trial exhibits for the Judge, jury and opposing counsel. These costs are reasonable and permitted under the statute. The undersigned recommends that the defendant be awarded the total costs associated with fees and disbursements for printing in the amount of ***$2,258.25.***

4. <u>Fees for Witnesses</u>

The defendant requests reimbursement in the amount of $40.00 for the costs associated with fees for witnesses. The undersigned recommends that the defendant be awarded the requested costs associated with the fees for witnesses. The

14

defendant requests witness fees in the amount $40.00 for Steven Massey. 28 U.S.C. § 1821(b) permits recovery of witness fees of "$40.00 per day for each day's attendance" and the attendance fee for "time necessarily occupied in going to and returning from the place of attendance. . . ." See George v. GTE Directories Corp., 114 F. Supp.2d 1281, 1299 (M.D. Fla. 2000); (Section 1920 allows for recovery of witness fees up to $40.00 per day and for travel fees up to 100 miles for appearance of a witness at trial). The undersigned recommends that the defendant be awarded the requested witness fees in the amount of **$40.00**.

    5.  Fees for Exemplification

The defendant requests reimbursement in the amount of $9,130.25 for fees associated with exemplification. 28 U.S.C. § 1920(4) allows for recovery of "fees for exemplification and the costs of making copies of any materials where the copies necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

The plaintiff does not object to these costs. These costs are reasonable and permitted under the statute. The undersigned recommends that the defendant be awarded the total costs associated with fees for exemplification in the amount of **$9,130.25.**

In accordance with the above and foregoing, the undersigned recommends that the defendant be awarded **$15,235.21** for all costs recoverable under 28 U.S.C. § 1920.

## RECOMMENDATION

In accordance with the foregoing Report and Recommendation, the undersigned respectfully recommends that the Defendant Kenneth Huang's Verified Motion for

15

Attorney's Fees and Costs (DE # 141, 2/24/10) be GRANTED in part and DENIED in part in accordance with the foregoing Report and Recommendation and that the defendant be awarded fees in the amount of $303,105.05 and costs in the amount of $15,235.21.

The parties have 14 days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul Huck, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 2nd day of July, 2010.

_____
JOHN  J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
The Honorable Judge Huck
All Counsel of Record